Trial Cause No. CR-2011-195
Appeal Case No. 03-12-00462-CR
PDR No. PD-0975-14

JOEL DAVID JAMES                    ()    In the Court of Criminal
                                    ()    Appeals of Texas
                V.                  ()
                                    ()
                                    ()
The State of Texas                  ()
                                    ()

MOTION FOR REHEARING AND RECONSIDERATION EN BANC, FOR PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT:

Now comes JOEL DAVID JAMES, Appellant Pro Se, in the above entitled and numbered case and moves the Court for Rehearing and Reconsideration En Banc, for Petition for Discretionary Review, and through this motion appellant would show:

## I.

The Honorable Court of Criminal Appeals, 'refused' appellants PRO-SE Petition for Discretionary Review, without thoughtful and careful consideration to the facts stated. Appellant realizes the overwhelming case load of the Honorable Court and asks for a thorough and complete chance to show, unjust and unlawful prejudice on the part of the Attorney for the State.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 15 2015

Abel Acosta, Clerk

(1)

## II.

The appellant contends that his rights for due process as well as a fair and unbiased trial were repeatedly violated.

In the first ground, the trial court erred in admitting an extraneous act that was settled nearly 30 year ago when the appellant was a minor. No evidence has ever been produced in this irrelevant misdemeanor case until the alledged accuser is mysteriously produced at the last minute at trial with a coached, manufactured and completely false account of the facts.

The second ground falls neatly behind the first, in that the trial court failed to qualify the witness and give limiting instruction to the jury about proof of the facts testified too. This failure intentionally leads to extreme and emotional prejudice without proper foundation of certified evidence or even court documents from the time of the alledged incident, 30 years before.

The third ground and most evocative, dominates and pushes the State's case to become an unlawful conviction. A condom with D.N.A. present was found at the appellant's residence. This is an undisputed fact by the appellant. The attorney for the State takes the evidence as her main objective for prosecution and twists the truth, pulling tight a patchwork of seperate facts while filling in the narrow gaps or unknown links with only emotional and morally minded "hot-button" falsehoods and assumptions, uncorrected. The condom in question did, in fact, contain D.N.A. material from the appellant, the complainant and the appellant's eldest son. The condom was found on the floor - by the complainant - in the residence of the appellant, also where appellant, complainant, two sons and appellant's wife resided. The condom was found in plain sight next to an overturned spittoon that had been filled with saliva from the appellant. The condom was also recoverd with the same, saliva all over it. This factual evidence was corroborated by three different scientists: a lab. tech. who performed initial tests on the condom, her immediate supervisor and the department supervisor, all employed by the Texas Department of Public Safety in Austin, Texas, Crime Lab department. Findings

found by all three TDPS CRIME LAB employees was conclusive as to the owner of the main sample of D.N.A. being the appellant. The overwhelming obvious fact that should arrest the Prosecution's case is, there was _no_ sexual fluids of any kind making up the DNA inside or outside the condom. This profound and extremely crucial fact was _not allowed_ to be brought up in front of the jury, they were left to wrongly _assume_, after the highly emotional charges were relentlessly repeated and embellished by the prosecutor, that the D.N.A. again was assumed to be seminal fluid merely because of the nature of the case, and as alledged by the complainant.

This leads to the forth ground about the direct violation to the appellant's 6th Amendment rights of confrontation. The complainant has a sexual history with her eldest sibling which has been proven and admitted too. The trial court would not allow cross-examination of the daughter (complainant) by the appellant because it proves he had not acted in the crime and would clearly show his innocense. The Court sited the "Rape Shield Law" even though no rape was alledged or occured. No undue pressure was ever placed on the complaintant even after two different meetings in the judges chambers where the complainant and the appellant were seated side by side and acted congenially. The complainant even stated - on the record - that she only made the "outcry" because she wanted to, "get the appellant "in trouble for always telling her what to do."

The fifth and final ground was yet another attempt by the prosecution to cloud the facts and violate the appellant's rights to due process in not giving understandable instruction to the jury without undue predudice. (In this case the possibility to consider the option of a lesser included charge). The fact is this criminal act never occured and was embellished to the point where it produced an extreme and predudicial effect and blurring the moral and decency standards to pervert their outcome and left the appellant violated and not the complainant.

## Prayer for Relief

The appellant respectfully prays the Honorable Court of Criminal Appeals grant his Motion for Rehearing and Reconsideration En Banc, and give fair and thoughtful consideration of the facts, proper procedure and obvious common sense to the statements made during trial. Which will show the appellants' innocence or certainly not "guilty beyond a reasonable doubt". The appellant also prays the Honorable Court reverse the original judgement and send the case back to the trial court for new trial and, or aquital.

Respectfully Submitted,

Joel David James, PRO SE Appellant
TDCJ-ID #1798223

(4)

## Certificate of Service

I certify that a true and correct copy of the above entitled, <u>Motion for Rehearing and Reconsideration En Banc, for Petition for Discretionary Review</u>, has been forwarded, by U.S. Mail, postage paid, first class, to the Attorney for the State, the Honorable Jennifer Tharp, Comal County District Attorney, 150 North Seguin Avenue, Suite 307, New Braunfels, Texas, 78130 and the State Prosecuting Attorney, P.O. Box 12405, Capitol Station, Austin, Texas, 78711, on this the 8th day of January, 2015.

JOEL D. JAMES, TDCJ-ID#1798223

## Unsworn Declaration

I, JOEL DAVID JAMES, TDCJ-ID #1798223, being presently incarcerated in the Allan B. Polunsky I.D. Unit of the Texas Department of Criminal Justice in Livingston, Polk County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct. Executed on this the 8th day of January, 2015.

JOEL DAVID JAMES, TDCJ-ID.#1798223
PRO-SE PETITIONER

end
(5)

Joel D. James #1798223
Allen B. Polunsky Unit
3872 FM 350 South
Livingston, TX 77351

VF Special
Legal

NORTH HOUSTON TX 773
13 JAN 2015 PM 1

FOREVER
USA

Court of Criminal Appeals
State of Texas
Abel Acosta
P.O. Box 12308, Capitol Station
Austin, Texas 78711

78711230808